FILED
DEC - 4 2007
DEC 0 4 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| JEWELS OF LAKE FOREST, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LYNNE NOVAK, ) <br> ) <br> Defendant. ) | 07CV6819 <br> JUDGE PALLMEYER <br> MAG. JUDGE ASHMAN |

## COMPLAINT

Plaintiff, Jewels of Lake Forest, LLC ("Jewels of Lake Forest"), submits this Complaint against defendant, Lynne Novak ("Novak").

### INTRODUCTION

1. This is an action for breach of fiduciary duties and for misappropriation of trade secrets.

### PARTIES

2. Plaintiff, Jewels of Lake Forest, is a limited liability company organized under the laws of the State of Illinois with its principal place of business in Lake Forest, Illinois. Jewels of Lake Forest's sole member is Dru Anne Smyth, a citizen of Illinois.

3. Defendant, Lynne Novak, is a citizen of Wisconsin.

### JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.C.S. § 1332 because there is complete diversity of citizenship between plaintiff and defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

5. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(a)(2), as the events giving rise to this litigation occurred in this judicial district and the confidential information in question was located in this judicial district.

## FACTS COMMON TO ALL COUNTS

6. Novak served as a part-time employee of Jewels of Lake Forest.

7. Novak's duties at Jewels of Lake Forest were limited to appraising jewelry.

8. As such, Novak had no need to access Jewels of Lake Forest's computer system, Novak was not authorized to access Jewels of Lake Forest's computer system, and Novak never requested authorization to access Jewels of Lake Forest's computer system.

9. Jewels of Lake Forest's computer system is the only place in which one can find, among other things, Jewels of Lake Forest's customer lists and Jewels of Lake Forest's financial information. This data is not kept in hardcopy form, nor is it distributed to employees. In fact, the sole employee of Jewels of Lake Forest authorized to access and use such information is Jewels of Lake Forest's owner, Dru Anne Smyth. The only other person granted access is Sandy Soltz, an accountant with Ballen & Company, Inc., who services Jewels of Lake Forest.

10. Apart from these security measures, because Jewels of Lake Forest is a high-end jewelry retailer, the firm's doors are locked at all times. No one is allowed in the store unless an employee of Jewels of Lake Forest is present.

11. Jewels of Lake Forest's customer list and financial information are highly proprietary. Its customer list has been developed over the years, based upon (i) actual purchases, (ii) philanthropic affiliations, (iii) attendance at functions, and (iv) personal relationships with Dru Anne Smyth. There is no readily available source from which one could assemble this list

of customers peculiar to Jewels of Lake Forest. Similarly, Jewels of Lake Forest's financial data is unique to Jewels of Lake Forest, reflecting its operating results and other proprietary data. Jewels of Lake Forest's customer list and financial data have great economic value, far exceeding $75,000, from not being generally known to others.

12. Jewels of Lake Forest has recently learned that Novak was accessing Jewels of Lake Forest's computer system and reviewing its financial information within the last few months – conduct which was completely unauthorized.

## COUNT I
### (Illinois Trade Secrets Act)

13. Jewels of Lake Forest repeats paragraphs 1 through 12 above as if set forth herein.

14. Jewels of Lake Forest's customer lists and financial data constitute trade secrets under the Illinois Trade Secrets Act, 765 Ill. Comp. Stat. 1065 (2000).

15. Novak's unauthorized access to Jewels of Lake Forest's computer system, at a minimum, presents a threat of misappropriation warranting judicial intervention.

16. Jewels of Lake Forest has no adequate remedy at law to remedy the unauthorized disclosure or use of its trade secrets, and Jewels of Lake Forest would suffer irreparable harm in the event of disclosure or use of its trade secrets.

WHEREFORE, Jewels of Lake Forest prays for the following relief:

(a) damages for its losses, restitution for Novak's gains, or a reasonably royalty;

(b) permanent injunctive relief to prevent further use or disclosure of Jewels of Lake Forest's trade secrets, and

(c) such other and further relief as this Court deems appropriate under the circumstances.

## COUNT II
### (Breach of Common Law Fiduciary Duties – Pleading in the Alternative)

3

17. Jewels of Lake Forest repeats paragraphs 1 through 12 above as if set forth herein.

18. At all relevant times, Novak, as a part-time employee of Jewels of Lake Forest, occupied a position of trust and confidence and hence was a fiduciary for Jewels of Lake Forest.

19. In violation of her fiduciary duty to maintain Jewels of Lake Forest's confidences, Novak accessed Jewels of Lake Forest's computer system without authorization, in an effort to learn Jewels of Lake Forest's confidential information.

20. Jewels of Lake Forest has no adequate remedy at law to remedy the unauthorized disclosure or use of its confidential information, and Jewels of Lake Forest would suffer irreparable harm in the event of disclosure or use of its confidential information.

WHEREFORE, Jewels of Lake Forest prays for the following relief:

(a) damages for its losses, or restitution for Novak's gains;

(b) permanent injunctive relief to prevent further use or disclosure of Jewels of Lake Forest's confidential information, and

(c) such other and further relief as this Court deems appropriate under the circumstances.

Dated: December 4, 2007                     Respectfully submitted,


_____
Attorneys for Plaintiff, Jewels of Lake Forest, Inc.

William Lynch Schaller
John M. Murphy
Peter P. Tomczak
BAKER & McKENZIE
One Prudential Plaza
130 East Randolph Drive
Chicago, IL 60601
(312) 861-8000

4

17. Jewels of Lake Forest repeats paragraphs 1 through 12 above as if set forth herein.

18. At all relevant times, Novak, as a part-time employee of Jewels of Lake Forest, occupied a position of trust and confidence and hence was a fiduciary for Jewels of Lake Forest.

19. In violation of her fiduciary duty to maintain Jewels of Lake Forest's confidences, Novak accessed Jewels of Lake Forest's computer system without authorization, in an effort to learn Jewels of Lake Forest's confidential information.

20. Jewels of Lake Forest has no adequate remedy at law to remedy the unauthorized disclosure or use of its confidential information, and Jewels of Lake Forest would suffer irreparable harm in the event of disclosure or use of its confidential information.

WHEREFORE, Jewels of Lake Forest prays for the following relief:

(a) damages for its losses, or restitution for Novak's gains;

(b) permanent injunctive relief to prevent further use or disclosure of Jewels of Lake Forest's confidential information, and

(c) such other and further relief as this Court deems appropriate under the circumstances.

Dated: December 4, 2007

Respectfully submitted,

Attorneys for Plaintiff, Jewels of Lake Forest, Inc.

William Lynch Schaller
John M. Murphy
Peter P. Tomczak
BAKER & McKENZIE
One Prudential Plaza
130 East Randolph Drive
Chicago, IL 60601
(312) 861-8000

CHIDMS1/2580459.1

4