### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS,
### EASTERN DIVISION

| | | |
|---|---|---|
| JEWELS OF LAKE FOREST, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-06819 |
| | ) | |
| LYNNE NOVAK, | ) | Magistrate Judge Martin C. Ashman |
| | ) | |
| Defendant. | ) | |

## STIPULATED PERMANENT INJUNCTION AND ORDER OF DISMISSAL

The parties hereto, Plaintiff JEWELS OF LAKE FOREST, LLC. ("Jewels of Lake Forest"), and Defendant LYNNE NOVAK ("Novak"), have stipulated to the entry of this Stipulated Permanent Injunction and Order of Dismissal ("Order").

### STIPULATED FINDINGS

1.    The parties agree that Novak served as an employee of Jewels of Lake Forest until that relationship was terminated on December 4, 2007.

2.    The parties agree that Jewels of Lake Forest has trade secrets in the form of its customer list and its financial data.

3.    The parties agree that Novak intends to remain in the jewelry business and wish to avoid any misappropriation of Jewels of Lake Forest's trade secrets.

4.    The parties agree that it would be impossible to measure solely in money the damages Jewels of Lake Forest would sustain if Novak were to use or disclose Jewels of Lake Forest's trade secrets now that Novak is no longer an employee of Jewels of Lake Forest.

5.     The parties agree that Jewels of Lake Forest would have no adequate remedy at law and would suffer irreparable injury in the event its trade secrets were to be used or disclosed by Novak now that she is no longer an employee of Jewels of Lake Forest.

6.     In light of the foregoing stipulated findings, the Court deems it appropriate to enter the following stipulated permanent injunctive relief.

**IT IS HEREBY ORDERED AS FOLLOWS:**

7.     For a period of 18 months, commencing on the date of this Order, Novak, her agents, servants, employees, and those persons acting in active concert or participation with her who have received actual notice of this Order, shall not, without first receiving Jewels of Lake Forest's written consent, contact, solicit, sell, or offer to sell any products or services with a price greater than $500.00 to any person listed on Jewels of Lake Forest's customer lists as of December 4, 2007.  In addition, Novak, her agents, servants, employees, and those persons acting in active concert or participation with her who have received actual notice of this Order, shall not open a jewelry business within 25-mile radius of Lake Forest, Illinois, for a period of 18 months, commencing on the date of this Order.

8.     For a period of 18 months, commencing on the date of this Order, the Court hereby appoints Sandra Soltz as Special Master to monitor Novak's activities in accordance with the terms of this paragraph 8.  In particular, in any instance where Novak is uncertain as to whether a person listed on Jewels of Lake Forest's customer lists as of December 4, 2007, Novak is entitled to contact Soltz to request written confirmation as to whether the person in question is or is not on the foregoing list.  In the event the person is on the list, Soltz is to notify Novak and Jewels of Lake Forest so that both sides are aware that a prohibited customer is an issue.  In the event the person is not on the list, Soltz is to so notify Novak and is not to notify

Jewels of Lake Forest. In the event Soltz or Novak is uncertain as to how to proceed in a given instance, they are to make an appropriate motion to the Court, with notice to Jewels of Lake Forest. All costs and legal fees associated with Soltz's actions as Special Master are to be paid by Jewels of Lake Forest, unless the Court orders otherwise due to a violation of this Order by Novak.

9.     For a period of 18 months, commencing on the date of this Order, Novak, her agents, servants, employees, and those persons acting in active concert or participation with her who have received actual notice of this Order, shall not, without first receiving Jewels of Lake Forest's written consent, contact, solicit, purchase, or offer to purchase any products or services from any vendors or designers of Jewels of Lake Forest as of December 4, 2007. The parties agree that Novak already knows the names of the foregoing vendors and designers, and therefore there is no need for notification procedures comparable to those set forth in paragraph 8 above. Notwithstanding the foregoing, Novak shall be permitted to use the following findings companies: (i) Stuller; (ii) Rio Grande; and (iii) Quality Gold.

10.     Novak, her agents, servants, employees, and those persons acting in active concert or participation with her who have received actual notice of this Order, shall immediately return to Jewels of Lake Forest: (i) any and all property and assets, real, personal or mixed, tangible and intangible, of every kind and description, wherever located, including but not limited to any documents, information, customer lists and financial information ("Property") of Jewels of Lake Forest; (ii) any and all Property of any customer of Jewels of Lake Forest; and (iii) any and all Property of any vendor or designer that provides goods or services to Jewels of Lake Forest.

11.    Novak, her agents, servants, employees, and those persons acting in active concert or participation with her who have received actual notice of this Order, are hereby prohibited from using, disclosing, copying or otherwise misappropriating any and all customer lists or financial information of Jewels of Lake Forest.  If such information shall become publicly available through no wrongdoing of defendant Novak, her agents, servants, employees, and those persons acting in active concert or participation with her who have received actual notice of this Order, defendant Novak may petition this Court to modify this Order accordingly.

12.    The parties have voluntarily consented to have any and all further proceedings, including entry of this Order, conducted by this Court, pursuant to 28 U.S.C. § 636(c).

13.    This action is dismissed with prejudice with the parties bearing their own costs. This Court or its successor shall, however, retain jurisdiction to enforce this Order and the Confidential Settlement Agreement between the parties.

**ENTERED THIS** 25th **DAY OF** June 2008.

Magistrate Judge Martin C. Ashman
United States District Court for the
Northern District of Illinois

AGREED, STIPULATED AND APPROVED:

JEWELS OF LAKE FOREST, INC.

By: _____
    William Lynch Schaller, Baker & McKenzie
    One of Its Attorneys

Dated:    6 / 13 / 08

LYNNE NOVAK

By: _____

- 4 -

Thomas L. Burdelik, Thomas L. Burdelik
and Associates, One of Her Attorneys

Dated: _6/12/08_

CHIDMS1/2625268.2